UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARNEATHER THOMPSON,                )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )    No. 4:06-CV-940 CEJ
                                   )
MICHAEL JOHANNS, U.S. SECRETARY    )
OF AGRICULTURE, BARBARA J.         )
MASTERS, and JAMES G. HESS,        )
            Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment. Plaintiff has not responded to the motion, and the time allowed for doing so has expired.

Plaintiff Arneather Thompson is an employee of the United States Department of Agriculture (USDA). She brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging failure to promote on the basis of national origin and age. Plaintiff seeks a retroactive award of lost earnings and punitive and compensatory damages. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that this action was untimely filed.[1]

**I.   Legal Standard**

---

[1] The defendants also move for dismissal of the national origin discrimination claim for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), arguing that plaintiff failed to exhaust administrative remedies with respect to that claim. As an alternative to dismissal based on Rule 12, the defendants move for summary judgment under Fed. R. Civ. P. 56. Because the Court concludes that the action was not timely filed, it will not discuss the other grounds asserted by the defendants in their motion.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The Court must liberally construe the pleadings of *pro se* parties. Haines v. Kerner, 404 U.S. 519 (1972).

**II. Discussion**

The time for bringing an action by a federal employee asserting a claim of unlawful discrimination is set forth in 42 U.S.C. § 2000e-16(c). That provision reads as follows:

> Within 90 days of the receipt of notice of final action taken by . . . the Equal Employment Opportunity Commission upon an appeal from a decision or order of such [federal] department, agency, or unit on a complaint of discrimination based on race, color, religion sex or national origin.

42 U.S.C. § 2000e-16(c).

Plaintiff filed a formal EEO complaint with the USDA on May 2, 2001, alleging discrimination on the basis of race and sex. On July 2, 2004, the USDA issued a final decision in which it found no discrimination. Plaintiff did not appeal that final agency decision. Plaintiff filed a second EEO complaint with the USDA on April 24, 2002, alleging discrimination on the basis of race and retaliation for filing the first complaint. The USDA rendered a final decision rejecting plaintiff's claims on September 2, 2004.

Plaintiff appealed to the Equal Employment Opportunity Commission (EEOC), which affirmed the final agency decision on January 11, 2005. Allowing ten days after mailing, the EEOC decision would have been received by plaintiff on January 18, 2005. Thus, the statutory deadline for filing an action was April 18, 2005. Plaintiff filed the instant action on June 16, 2006, more than one year after the deadline. Thus, the action is untimely.

Because this action was untimely filed, it is beyond doubt that the plaintiff can state no set of facts which would entitle her to relief. The plaintiff has failed to state a claim upon which relief can be granted, and the case must be dismissed pursuant to Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for failure to state a claim [Doc. #18] is **granted.** A separate order of dismissal will be accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the defendants' alternative motions to dismiss for lack of subject matter jurisdiction and for summary judgment [Doc. #18] are denied as moot.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot.**

**IT IS FURTHER ORDERED** that the Rule 16 Scheduling Conference is **cancelled**.

---
CAROL E. JACKSON  
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2007.